MELISSA HOLYOAK, United States Attorney (#9832)
JOHN AUCHTER, Special Assistant United States Attorney (IL #6308510)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: john.auchter@usdoj.gov

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SKYLER AJ ROSE,<br><br>Defendant. | Case No. 1:26-cr-00068<br><br>UNITED STATES' POSITION REGARDING DETENTION<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

- ☒ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)("'crime of violence means'— (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense…"));

Defendant is charged in Count 5 of the Indictment with a violation of 18 U.S.C. § 249(a)(1)(A), Hate Crime. As explained below, Defendant is charged with attempting to commit violence with dangerous explosive devices against people because of their religious beliefs. Defendant's actions involved the attempted use of physical force against a person or property of another that would have been used in the course of committing the offense.

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

Defendant is charged in Count 3 of the Indictment with a violation of 28 U.S.C. § 5861(d), Possession of an Unregistered Destructive Device.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id.* The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id.* The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260,

2421, 2422, 2423, or 2425.

Defendant is charged in Count 1 of the Indictment with a serious offense for which there is a presumption of detention. Specifically, he is charged with violation 18 U.S.C. § 2252A(a)(2)(B), Receipt of Child Pornography.

## **Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

The first two factors - the weight of the evidence and the nature and circumstances of Defendant's charged offenses - favor his detention. As alleged in the Indictment, on December 23, 2025, a user on a social media platform made the following posts:

"I wanna blow up a synagogue. 😎"

"Ill have to take a couple Jews out with me then. Death to Israel!!!"

"This is basically America now thanks to Jews. When the power goes out I must hunt the Jews. 🇺🇸🇺🇸🇺🇸🇺🇸🇺🇸 "

I am a domestic terrorist thanks to your efforts! Death to Israel!!! IN AMERICA!!! 🇺🇸🇺🇸🇺🇸🇺🇸 "

"Greetings from America. Death to all Jews I will devote my life to killing you! heil hitler!"
"DEATH TO ISRAEL WHO BEARS TO SIGIL OF THEIR FALSE GOD. I WILL DEVOTE MY LIFE TO KILLING YOU CHILDREN OF SATAN. 🇺🇸🇺🇸🇺🇸🇺🇸🇺🇸 "

> "Backwards Jew scum 😊 I connot forgive the terrorist state of Israel who shelters pedophiles and trafficks the little ones. Death be upon you Jews for I bring fire and brimstone 🇺🇸🇺🇸🇺🇸🇺🇸🇺🇸🇺🇸 "

Law enforcement investigated these posts and determined they were made from an IP address resolving to the home where Defendant resided. Due to the nature of the threats in the social media posts, the FBI contacted the Ogden Police Department to assist with visiting Defendant's home. On December 23, 2025, police officers arrived at Defendant's home. They spoke with Defendant's mother who told them that the social media account at issue was operated by the Defendant. Defendant's mother allowed the law enforcement to enter and search the home, and in that process, they saw multiple improvised explosive pipe bombs in Defendant's bedroom. Due to the danger posed by the improvised explosive pipe bombs, law enforcement evacuated the home along with neighboring homes until the improvised explosive pipe bombs could be rendered safe.

Law enforcement later conducted a more thorough search of Defendant's home pursuant to a state search warrant. That search resulted in the seizure of: (1) six improvised explosive pipe bombs and one inert device (photographed below), (2) explosive precursors and components which could be used to construct further improvised explosive pipe bombs, (3) a black Samsung cellphone, and (4) two rifles with accompanying magazines and ammunition.






Law enforcement subsequently obtained a federal search warrant to search Defendant's seized Samsung cellphone. A review of that phone revealed searches for "synagogue ogden" in November 2025. The phone also had been used to search for a specific synagogue within approximately three miles from Defendant's home using the Google Maps application. The search also revealed that Defendant began posting the messages outlined above to his social media account on December 23, 2025.

Defendant's troubling searches, combined with threatening social media posts and six functional improvised explosive pipe bombs are exacerbated by even more illegal material found on his phone. Specifically, law enforcement found hundreds of cached images and screenshots depicting child pornography when searching that device.

The weight of the evidence and nature and circumstances of the alleged offense clearly demonstrate that release of Defendant presents an imminent threat to the community. As such, he should remain detained during the pendency of his criminal proceedings.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

When evaluating Defendant's history and characteristics, his actions with regards to the improvised explosive pipe bombs support detention. Defendant's possession of the improvised explosive pipe bombs demonstrates his complete disregard for the safety of even the individuals closest to him. When law enforcement visited Defendant's family home on December 23, 2025, his mother and toddler-aged sibling were both present. Other members of Defendant's family also lived at that residence. Improvised explosive pipe bombs, by their very nature, are extremely unstable and can readily self-detonate due to friction, pressure buildup, static electricity, heat, or other factors. Defendant placed his immediate family at significant risk of serious injury or death by storing in his bedroom the improvised explosive pipe bombs, which could have self-detonated at any time.

Defendant also appears to have developed the knowledge of how to construct improvised explosive pipe bombs, which typically can be done by purchasing off-the-shelf materials at a hardware store or via online retailer. In his bedroom, Defendant had precursor chemicals and other parts, including pipes, end caps, and ball bearings, which could have been readily assembled into additional improvised explosive pipe bombs similar to the functional ones which Defendant had already constructed and possessed. If Defendant were to be released, he could easily acquire the necessary materials to construct improvised explosive pipe bombs within days, and no set of conditions would be able to prevent Defendant from being able to do so. Even if Defendant were ordered to strict home confinement tantamount to detention, he could still use online retailers to acquire the supplies needed to construct improvised explosive pipe bombs identical to the ones he possessed on December 23, 2025.

☒ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

Defendant's history shows that he cannot abide by conditions. In May 2025, Defendant was charged in the State of Utah with discharging a weapon and disorderly conduct when he fired a homemade shotgun in a public place. Defendant pled no contest to these charges and entered a plea in abeyance of 18 months. He engaged in the conduct charged in the present matter during the time he was under the state court's plea in abeyance term. His probation in that case has now been revoked following his December 2025 arrest. Despite having already been under state supervision for his previous dangerous conduct, Defendant engaged in even more risky and dangerous criminal behavior. This recent history demonstrates that Defendant does not respect court conditions and will not follow them, even if it is to his benefit to do so.

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

Defendant is charged with possessing and receiving hundreds of images and screenshots depicting child pornography. That alone justifies the danger Defendant poses should he be released. But more alarming, Defendant made specific threats of violence to Jewish people. More directly, Defendant searched where he could locate people withing miles of his home to harm. He obtained two rifles with a large amount of ammunition. And, while living in a home with other innocent people, designed and made dangerous explosive pipe bombs. Notwithstanding any familial or community support that may be proffered, Defendant poses a completely unmanageable risk of danger to the community.

☒ Other reasons including:

For the reasons described above, the United States has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community if the Defendant is released.

Defendant's conduct is serious and inherently dangerous to the community and his history evidences no desire to act differently. He has also disregarded prior, recent court orders. Releasing Defendant before trial, even with the most stringent conditions, will not effectively protect the community. As such, he should therefore be detained pending trial.

**Victim Notification**

☒ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victims on the detention of the defendant is: the victim synagogue has requested that the defendant be detained and reported that members of the synagogue felt uneasy and nervous about what the Defendant may attempt to do should he not be detained.

DATED this 21st day of October 2026.

Respectfully submitted,

MELISSA HOLYOAK
United States Attorney

/s/ *John Auchter*
JOHN AUCHTER
Special Assistant United States Attorney